**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**LYONEL FINKLEA**,

                        Petitioner,

           v.

**UNITED STATES OF AMERICA**,

                      Respondent.

Civil Action No. 24-7189 (ZNQ)

**OPINION**

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon a Motion to Vacate and Set Aside Sentence filed by Petitioner Lyonel Finklea ("Petitioner" or "Finklea") pursuant to 28 U.S.C. § 2255 (the "Motion"). (ECF No. 1.) The Government opposes Petitioner's Motion (the "Opposition"). (Opp'n Br., ECF No. 4.)

The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons set forth below, the Court will **DENY** Petitioner's Motion.

## I.    BACKGROUND AND PROCEDURAL HISTORY

On May 4, 2017, Finklea pled guilty to two counts of an Information filed under Crim. No. 17-168. (Opp'n Br. at 2.) Both counts were violations of 18 U.S.C. § 922(g)(1). (*Id.*) Count One involved one firearm Finklea possessed on May 21, 2016. (*Id.*) Count Two involved two firearms Finklea possessed on July 23, 2016. (*Id.*) On December 7, 2017, Finklea was sentenced to two consecutive terms of 120 months' imprisonment, for a total sentence of 240 months. (*Id.*) Prior

to Finklea's sentencing, he had been convicted of eight felonies ranging from resisting arrest, drug distribution, burglary, and aggravated assault. (*Id.*) When Finklea was sentenced on December 7, 2017, he had accumulated 15 criminal history points at the age of 31. (*Id.*)

Finklea filed the Motion on June 21, 2024. (ECF No. 1.) Finklea filed a supplemental letter brief on August 12, 2024, in which he argues that his conviction under 18 U.S.C. § 922(g)(1) is unconstitutional under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 60, 17 (2022) ("*Bruen*"), and *Range v. Att'y Gen. United States*, 124 F.4th 218, 225 (3d Cir. 2024) ("*Range II*"). (ECF No. 2 at 1-2.) The Government filed its Opposition on June 20, 2025. (ECF No. 4.)

## II.    SUBJECT MATTER JURISDICTION

The Court had jurisdiction to impose Petitioner's sentence under 18 U.S.C. § 3231. It has jurisdiction over this habeas matter under 28 U.S.C. §§ 1331 and 2255.

## III.    LEGAL STANDARD

To grant relief on a federal prisoner's motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, the Court must find that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b).

A criminal defendant bears the burden of establishing his entitlement to § 2255 relief. *See United States v. Davies*, 294 F.3d 182, 189 (3d Cir. 2005). Moreover, because a § 2255 motion to vacate is a collateral attack on a sentence, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Unless the movant claims a jurisdictional defect or a constitutional violation, to be entitled to relief

the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure. *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 268 U.S. 424, 429 (1962)), *cert. denied* 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458–59 (D.N.J. 2003).

"In considering a motion to vacate a defendant's sentence, 'the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record.'" *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (quoting *Gov't of V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989)).  A district court is required to hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Arrington*, 13 F.4th 331, 334 (3d Cir. 2021); *see also* 28 U.S.C. § 2255(b).

## IV.    DISCUSSION

Petitioner argues that his conviction under 18 U.S.C. § 922(g)(1) is unconstitutional in light of the decisions in *Bruen and Range II*.

### A.    TIMELINESS

Petitioner's Motion was not filed within the statute of limitations period set forth in 28 U.S.C. § 2255(f)(1).  Motions pursuant to 28 U.S.C. § 2255 are subject to a one-year limitations period, which shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

      (3) the date on which the right asserted was initially recognized by
          the Supreme Court, if that right has been newly recognized by
          the Supreme Court and made retroactively applicable to cases
          on collateral review; or

      (4) the date on which the facts supporting the claim or claims
          presented could have been discovered through the exercise of
          due diligence.

28 U.S.C. § 2255(f). Thus, a criminal defendant has one year from the date on which his judgment

becomes final to file a motion to vacate his sentence. 28 U.S.C. § 2255(f)(1). However, if the

Supreme Court issues a decision recognizing a "right [that] has been newly recognized by the

Supreme Court" and made retroactive on collateral review, a criminal defendant then has one year

from the date of that decision to file a § 2255 motion asserting that right. 28 U.S.C. § 2255(f)(3).

     As a threshold matter, *Bruen* was decided on June 22, 2022. Thus, Petitioner's filing—

dated June 21, 2024—is untimely, as nearly two years have since passed, well beyond the one-

year limit.

     In *Bruen*, the Supreme Court held that the Second Amendment was violated by state

licensing schemes that imposed special burdens on citizens seeking concealed carry permits. "In

*Bruen*, the Supreme Court did not announce a new rule of constitutional law retroactively

applicable to persons with criminal convictions, and thus is inapplicable to the present

circumstances." *United States v. Neal*, Cr. No. 19-230-1, 2024 WL 1095814, at *2 (W.D. Pa. Mar.

13, 2024); *see also In re Terry*, Cr. No. 22-13615, 2022 WL 20033240, at *2 (11th Cir. Nov. 14,

2022) ("[T]o the extent that the right recognized in *Bruen* is a previously unavailable, new rule of

constitutional law, *Bruen* has not been made retroactive to cases on collateral review by the

Supreme Court." (internal quotation marks omitted)). Even if *Bruen* was retroactively applicable

on collateral review, Petitioner filed his claim on June 21, 2024–more than a year after the June

23, 2022 *Bruen* decision.  Therefore, *Bruen* cannot reset Petitioner's statute of limitations under § 2255(f)(3).

 The Government notes that Petitioner did not cite the Supreme Court's decision in *United States v. Rahimi*, 602 U.S. 680 (2024).  In *Rahimi*, the Supreme Court considered whether 18 U.S.C. 922(g)(8) facially violated the Second Amendment.  *Id.* at 684–85.  18 U.S.C. 922(g)(8) prohibits an individual from possessing firearms if he is subject to a domestic violence order that found he poses a credible threat to the safety of a partner or child.  *Id.*  The Supreme Court curtailed this expansion of Second Amendment rights, noting that regulations prohibiting "the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.'"  *Id.* at 699 (quoting *D.C. v. Heller*, 554 U.S. 570, 626, 627 n.26 (2008)).

 Neither the Supreme Court nor the Third Circuit have definitively answered whether *Rahimi* resets the statute of limitations under § 2255(f)(3).  However, other courts to consider the issue appear to have consistently concluded that it did not.  For instance, the Tenth Circuit concluded that *Rahimi* was "merely an application of an existing right or principle."  *United States v. Barragan-Gutierrez*, 136 F.4th 998, 1004 (10th Cir. 2025); *see also Hall v. United States*, Cr. No. 21-44, 2024 WL 5372256, at *3 (N.D. W. Va. July 11, 2024) ("[Section] 2255(f)(3), which permits an extension of the one-year time limit based on a newly recognized Supreme Court ruling which is applied retroactively to cases on collateral review, is unavailable and inapplicable, as the Supreme Court in *Rahimi* did neither"), *report and recommendation adopted*, Cr. No. 21-44, 2025 WL 350390 (N.D. W. Va. Jan 30, 2025); *United States v. Mayberry*, Civ. No. 24-768, 2024 WL 4376159, at *2 (W.D. Okla. Oct. 2, 2024) ("Ultimately, Defendant has failed to establish that *Rahimi* recognized a new right that has made retroactive on collateral review such that the time limits outlined in § 2255(f)(3) would apply."); *Kraut v. United States*, Cr. No. 18-462, 2024 WL

4544122, at *3 (N.D. Tex. Oct. 22, 2024) (holding *Rahimi* "did not announce a new rule that may be asserted retroactively on collateral review").

This Court is persuaded by the Tenth Circuit and the cited district courts decisions that "*Rahimi* did not recognize a new right and make it retroactive.  *Rahimi* recognized an existing right and limited it."  *United States v. Anderson*, Cr. No. 15-199, 2024 WL 4520443, at *2 (W.D. La. Oct. 17, 2024).  Accordingly, § 2255(f)(3) does not reset the statute of limitations here.

Petitioner also cannot rely on the Third Circuit's decision in *Range II*, nor *United States v. Prince*, 700 F. Supp. 3d 663 (N.D. Ill. 2023).  Section 2255(f)(3) only applies to rights that are "initially recognized by the Supreme Court . . . ."  Decisions from an appellate court and a district court do not have the power to announce a new general rule of constitutional law retroactive on collateral review.  *See Dodd v. United States*, 545 U.S. 353, 357 (2005) ("What Congress has said in [§ 2255(f)(3)] is clear: An applicant has one year from the date on which the right he asserts was initially recognized by this Court.").

Petitioner's motion is **DENIED** as untimely, as neither *Bruen* nor *Rahimi* created a new retroactive right that resets the one-year statute of limitations under § 2255(f)(3).[1]

## B.    CERTIFICATE OF APPEALABILITY

When a habeas petition is denied on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner makes a showing "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the

---

[1] If the Supreme Court later applies *Bruen* to § 922(g)(1), Petitioner will have one year from the date of that decision to file a § 2255 motion.  *See United States v. Glover*, Cr. No. 20-115, 2024 WL 1759243, at *3 (E.D. Wis. Apr. 24, 2024) ("If binding legal authority emerges that would support making a *Bruen*-based argument that Defendant's statute of conviction is unconstitutional, he may do so via motion under § 2255, provided he does so within the time period stated in 28 U.S.C. § 2255(f)(3).").

district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the Court's procedural ruling debatable. Accordingly, no certificate of appealability shall issue.

## V.    <u>CONCLUSION</u>

For the reasons stated above, Petitioner's Motion is time-barred, and the doctrines of delayed accrual and equitable tolling are inapplicable. As such, Petitioner's Motion is **DENIED**. An evidentiary hearing is not warranted as the record conclusively shows Petitioner is not entitled to relief. *Booth*, 432 F.3d at 546. A certificate of appealability will not issue. An appropriate Order will follow.

Date: October 6, 2025

<u>s/ Zahid N. Quraishi</u>
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**